# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF HAMPDEN, SEPTEMBER TERM 1866, AT SPRINGFIELD.

———

PRESENT:

Hon. GEORGE T. BIGELOW, CHIEF JUSTICE.
Hon. EBENEZER R. HOAR, ⎫
Hon. REUBEN A. CHAPMAN, ⎬ JUSTICES.
Hon. DWIGHT FOSTER, ⎭

———

DAVID CLARK & another *vs.* HENRY POMEROY.*

If an action upon a promissory note is defended upon the ground that the consideration of the note was an agreement or understanding to suppress a criminal prosecution against a third person, and there is evidence tending to show that the payee, at the time of the execution of the note, exhibited to the maker a warrant for the arrest of such third person, and the judge has instructed the jury that the action cannot be maintained if there was a mutual understanding that the prosecution should be suppressed, it is erroneous to add, as an independent proposition, and in reply to a request by the defendant for further instructions, that "if the plaintiff used the warrant for the purpose of procuring the defendant to give the note, and by such use obtained the note, it was void;" without also including, as an element therein, that there must have been an understanding that the prosecution should be suppressed.

CONTRACT upon a promissory note for $1083.79, dated April 19, 1856, given by the defendant to the plaintiffs. The answer admitted the signing of the note, but averred, amongst other

———

\* This case was argued in writing in vacation after September term 1865.

things, that if any consideration ever existed, it was illegal and void; that the plaintiffs and other parties were creditors of F. W. Kibbe, who instituted proceedings in insolvency and was examined touching the disposition of his estate; and David Clark, one of the plaintiffs, alleged that in his examination he had committed perjury, and commenced a prosecution against him therefor in the police court of Springfield and took out a warrant for his arrest; and before the arrest was made represented to the defendant, who was the father-in-law of Kibbe, that if he would sign the note in suit the criminal proceedings should be discontinued and suppressed, but otherwise should be carried on, and every means possible employed to procure Kibbe's conviction, and the defendant was thereby induced to sign the note, and in consideration of his signing it Clark agreed to discontinue and suppress the criminal proceedings, which was accordingly done.

At the second trial in the superior court, before *Wilkinson,* J., after the decision reported in 4 Allen, 534, there was conflicting evidence in regard to the matters set up in the answer. The defendant testified in substance that the various averments were true, and that the warrant for Kibbe's arrest was exhibited to him before he signed the note; and that he would not have signed it if the warrant had not been exhibited to him, and if Clark had not stated that he should have Kibbe arrested on it unless the note was given. This was denied by Clark.

The judge instructed the jury that, to entitle the defendant to a verdict, it must appear there was a mutual understanding between Clark and the defendant that the criminal prosecution should be suppressed; that it would not be sufficient if the defendant was induced to give said note by understanding the prosecution would be suppressed, unless Clark also so understood; and it would not enable the defendant to avoid the note, because Clark was induced to abstain from prosecuting Kibbe by the giving of this note, unless there was a mutual understanding as aforesaid.

The defendant asked the court to rule that if Clark used the warrant in any way to procure this note, the plaintiffs could

not recover. The judge refused so to rule, but instructed the jury that if Clark used the warrant for the purpose of procuring the defendant to give this note and by such use obtained the note, it was void.

The jury returned a verdict for the defendant, and the plain-tiffs alleged exceptions.

*N. A. Leonard,* for the plaintiffs, cited *Clark* v. *Pomeroy,* 4 Allen, 534, and cases there cited.

*G. M. Stearns,* for the defendant. A note obtained by a party through the use of criminal process for that purpose is invalid, and the party so obtaining it cannot maintain an action to enforce it. Criminal processes are not authorized for this purpose. The plaintiff could make no use of the warrant for the purpose of procuring the note, which was not an abuse of the process. It is the purpose which gives character to the act; and this case is distinguishable from those which take into view only a latent hope in the person giving the obligation. This case is like *Shaw* v. *Spooner,* 9 N. H. 197; where it was held that a note was void which was procured by a use of process wholly unauthorized by law. So in the present case, if Clark used the warrant for the purpose of procuring this note, he used it for a purpose wholly unauthorized by law.

DEWEY, J.*  The instructions first given to the jury were very full and well adapted to the defence to this note, as illegal under the provisions of Rev. Sts. *c.* 128, § 21. They fully reach the defect that existed in the instructions given upon a former trial in this case, reported in 4 Allen, 534. They opened the broadest inquiry upon the question whether this note was given under any agreement or understanding by the two parties that if it should be given the criminal prosecution which had been commenced against Kibbe should be discontinued, and no further proceedings had thereon; and held that if such fact was established the verdict should be for the defendant.

But the defendant asked for an additional instruction, which, although not given in the form asked, yet as given authorized

---

* CHAPMAN, J., did not sit in this case.

*a*

the jury to return a verdict for the defendant " if Clark used the warrant for the purpose of procuring the defendant to give this note, and by such use obtained the note." This instruction wholly omitted the element of proof of any agreement or understanding, express or implied, not to prosecute the party for the offence charged in the complaint upon which the warrant had issued. It would have authorized a verdict for the defendant, if Clark merely had stated to the defendant its existence, and by such statement the maker of the note was induced to give the same, with no assurance from Clark that the prosecution would in such case be abandoned, but merely in the hope that such assumption of seventy-five per cent. of the debt due from Kibbe would propitiate the plaintiffs and might tend to mitigate the punishment for the offence alleged. This ruling does not instruct the jury as to a case of duress, nor does the defendant's counsel justify it on that ground. It is to be sustained, if at all, upon the ground of public policy forbidding any person who had instituted a criminal process against his debtor from taking any possible benefit therefrom as an instrumentality inducing the party to give security for his debt, or any part thereof, and denying the aid of the court to enforce any note or contract made under such circumstances.

Much reliance was placed by the counsel of the defendant upon the case of *Shaw* v. *Spooner*, 9 N. H. 197. That case, it is to be remarked, differs in one respect from the present. In that case the party giving the note was the same party against whom the criminal process had issued. It fails to satisfy us that the unqualified instruction that is the ground of exception in the present case should have been given. The illegal act here complained of was the using of this warrant by Clark to obtain this note by an agreement or understanding that if the defendant would sign it, the criminal proceedings should be discontinued; but otherwise the prosecution should go on. If the jury had found such facts to exist, they must have found a verdict for the defendant under the first instruction given.

The second instruction was erroneous, and for this cause a new trial must be had.                    *Exceptions sustained.*